J-S71020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALONZO JOHNSON, | |
| Appellant | No. 385 WDA 2015 |

Appeal from the Order Entered January 27, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004649-2008

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 19, 2016**

Appellant, Alonzo Johnson, appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the history of this case as follows.  On April 5, 2007, a City of Pittsburgh Police officer observed Appellant conduct a narcotics transaction with a woman on a sidewalk.  Although Appellant fled the scene when officers approached him, he was eventually apprehended.  In a search incident to arrest, police discovered $889.00 in cash and a black cell phone on Appellant's person.  Appellant conceded that at the time, he possessed a bag containing approximately eight grams of crack cocaine.

On April 19, 2010, following a nonjury trial, Appellant was convicted of the crimes of possession with intent to deliver crack cocaine, possession of

crack cocaine, and escape. On July 13, 2010, the trial court sentenced Appellant to serve a term of incarceration of three to six years and to pay a fine of $10,000.00 for the conviction of possession with intent to deliver. The trial court imposed no further penalty on the two remaining convictions.

Appellant filed a timely direct appeal, and this Court affirmed the judgment of sentence on April 13, 2012. *Commonwealth v. Johnson*, 1939 WDA 2010, 48 A.3d 477 (Pa. Super. 2012) (unpublished memorandum). Thereafter, Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on September 13, 2012. *Commonwealth v. Johnson*, 53 A.3d 50 (Pa. 2012).

On September 21, 2012, Appellant filed a *pro se* PCRA petition. Counsel was appointed to represent Appellant and on February 6, 2013, filed a *Turner/Finley*[1] "no merit letter." Subsequently, appointed counsel filed an amended PCRA petition on February 12, 2013, in which counsel indicated that trial counsel was ineffective at the time of sentencing for having failed to move for a reduction in Appellant's sentence pursuant to the Recidivism Risk Reduction Incentive Act ("RRRI"), 61 Pa.C.S. §§ 4501-4512.[2]  On

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In the amended PCRA petition, appointed counsel stated that he was not withdrawing his previously filed "no merit letter," but simply wished to litigate the issue concerning trial counsel's failure to move for a RRRI sentence reduction. Amended PCRA Petition, 2/12/13, at 2.

February 26, 2013, the PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.[3] On March 19, 2013, Appellant filed a *pro se* response to the PCRA court's Pa.R.Crim.P. 907 notice. In an order dated April 9, 2013, the PCRA court denied all PCRA issues, excluding the RRRI issue. The PCRA court's April 9, 2013 order took the ministerial act of expressing that Appellant's sentence of July 13, 2010, was vacated and a new sentencing order entered imposing the same sentence as was imposed on July 13, 2010, but indicating that Appellant was **not** RRRI eligible.[4] In addition, the PCRA court granted appointed counsel permission to withdraw.

Appellant then filed a timely *pro se* appeal, which was docketed at 840 WDA 2013. Upon direction of the PCRA court, Appellant filed a *pro se*

---

[3] In the notice of intent to dismiss, the PCRA court indicated that, although it intended to dismiss the PCRA petition without a hearing, it was scheduling a hearing to be held on April 8, 2013, limited to Appellant's RRRI issue. However, we note that a transcript of the hearing that was scheduled for April 8, 2013, is not included in the certified record. In addition, there is no indication in the record that a hearing was actually held on that date.

[4] The April 9, 2013 order of the PCRA court does not alter the date upon which Appellant's judgment of sentence became final. In **Commonwealth v. McKeever**, 947 A.2d 782 (Pa. Super. 2008), this Court explained that a successful first PCRA petition "does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, **affected his sentence only**." *Id*. at 785 (citing **Commonwealth v. Dehart**, 730 A.2d 991, 994 n.2 (Pa. Super. 1999)) (emphasis added). Here, the PCRA court's ministerial task of indicating that Appellant was not RRRI eligible did not reset the clock for purposes of a subsequent PCRA petition.

Pa.R.A.P. 1925(b) concise statement. On February 10, 2014, the PCRA court issued its Pa.R.A.P. 1925(a) opinion. On May 2, 2014, this Court dismissed the appeal at 840 WDA 2013 due to Appellant's failure to file a brief. Thereafter, Appellant filed with this Court two motions to reinstate his appeal at 840 WDA 2013, which were denied in separate orders dated August 19, 2014, and September 29, 2014.

On March 7, 2014, while his appeal was still pending before this Court, Appellant filed *pro se* with the PCRA court a "motion for reconsideration" of the PCRA court's February 10, 2014 opinion. After his appeal was dismissed, on October 22, 2014, Appellant filed with the PCRA court an "application to reinstate appeal." Then, on January 14, 2015, Appellant, *pro se*, filed with the PCRA court a "motion to consider an intervening change in law," which the PCRA court treated as a second PCRA petition.[5]

On January 27, 2015, the PCRA court issued a comprehensive order denying Appellant's "Motion for Reconsideration of [the PCRA court's] Opinion of February 10, 2014; [Appellant's] Application to Reinstate Appeal; and, Motion to Consider an Intervening Change in the Law." This *pro se* appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

_____

[5] The PCRA court has specifically indicated that it treated Appellant's motion to consider an intervening change in the law as a PCRA petition. PCRA Court Opinion, 6/12/15, at 5.

In his *pro se* brief, Appellant presents the following issues:

I. DID THE LOWER COURT COMMIT ERROR WHEN IT RECHARACTERIZED APPELLANT'S APPEAL OF ITS JANUARY 27, 2015 ORDER AS A POST CONVICTION RELIEF ACT (P.C.R..A.) MOTION AND DENIED SAME?

II. DID THE LOWER COURT COMMIT ERROR WHEN IT DENIED APPELLANT'S MOTIION/FILINGS AS UNTIMELY?

Appellant's Brief at 1 (verbatim).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature and may not be ignored in order to reach the merits of the petition. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[6] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

---

[6] The exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Our review of the record reflects that the trial court initially imposed a judgment of sentence on July 13, 2010. This Court affirmed Appellant's judgment of sentence on April 13, 2012, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 13, 2012. Accordingly, Appellant's judgment of sentence became final on December 12, 2012, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant did not file the instant PCRA petition until January 14, 2015.[7] Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three

_____

[7] Appellant's claim that the PCRA court incorrectly characterized his January 14, 2015 motion as a PCRA petition is waived for failure to include the issue in his Pa.R.A.P. 1925(b) statement. *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (holding that where an appellant is directed to file a concise statement pursuant to Pa.R.A.P. 1925, any issues not raised in that statement shall be waived). Moreover, we note that the PCRA court's characterization of Appellant's January 14, 2015 filing, which raised claims of ineffective assistance of prior counsel, as a PCRA petition was correct because the PCRA statute indicates that claims of ineffective assistance of counsel are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(ii). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). *See also Commonwealth v. Haun*, 32 A.3d 697 (Pa. 2011); 42 Pa.C.S. § 9542.

limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that, in his January 14, 2015 filing, Appellant attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," 42 Pa.C.S. § 9544(b)(1)(iii), with reliance upon the United States Supreme Court's decision in ***Martinez v. Ryan***, 132 S.Ct. 1309 (2012). However, Appellant's reliance upon ***Martinez*** is misplaced and entitles him to no relief.

In ***Martinez***, the Supreme Court of the United States recognized, for purposes of federal *habeas corpus* relief, that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." ***Martinez***, 132 S.Ct. at 1315. Moreover, the ***Martinez*** Court specifically cast its holding as "equitable" rather than "constitutional," stating "[t]his is not the case … to resolve whether that exception exists as a constitutional matter." ***Id***. Therefore, ***Martinez*** does not provide a basis for Appellant to assert the section 9545(b)(1)(iii) exception to the PCRA's jurisdictional

timeliness requirements. *See Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013) (holding that "[w]hile *Martinez* represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA"). Accordingly, the ruling in *Martinez* fails to provide Appellant an exception to the time bar of the PCRA. Thus, the PCRA court did not err in denying Appellant's untimely PCRA petition.

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2016